# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| KENNETH STANLEY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ZEROED-IN TECHNOLOGIES, LLC and DOLLAR TREE, INC.,<br><br>       Defendants. | Case No:  2:23-cv-1131-JES-KCD |
| NICHOLAS PIERCE, on behalf of himself and all others similarly situated and MISTY HUNTER, on behalf of herself and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>ZEROED-IN TECHNOLOGIES, LLC,<br><br>       Defendant. | Case No:  2:23-cv-1132-JES-KCD |
| BRITTANY MINTZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiff, | |

v.                                                          Case No:   2:23-cv-1137-JES-KCD

ZEROED-IN TECHNOLOGIES, LLC,

      Defendant.

___

JACQUELINE BILES, individually and on behalf of all others similarly situated,

      Plaintiff,

v.                                                          Case No:   2:23-cv-1139-JES-KCD

ZEROED-IN TECHNOLOGIES, LLC and DOLLAR TREE, INC.,

      Defendants.

___

PHILLIS POUNDS, individually and on behalf of all others similarly situated,

      Plaintiff,

v.                                                          Case No:   2:23-cv-1151-JES-KCD

ZEROED-IN TECHNOLOGIES, LLC and DOLLAR TREE STORES, INC.,

      Defendants.

___

| | |
|---|---|
| MELODY T. BRANTLEY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No: 2:23-cv-1161-JES-KCD |
| ZEROED-IN TECHNOLOGIES, LLC and DOLLAR TREE STORES, INC., | |
| Defendants. | |

| | |
|---|---|
| ASHLEY L. JACOBSON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No: 2:23-cv-1164-JES-KCD |
| ZEROED-IN TECHNOLOGIES, LLC and DOLLAR TREE, INC., | |
| Defendants. | |

| | |
|---|---|
| DOMINICK GARLAND, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No: 2:23-cv-1208-JES-KCD |
| DOLLAR TREE, INC. and ZEROED-IN TECHNOLOGIES, LLC, | |

3

|  |  |
|---|---|
| Defendants. | |
| THOMAS NEELEY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No: 2:23-cv-1219-JES-KCD |
| ZEROED-IN TECHNOLOGIES, LLC, | |
| Defendant. | |
| BARRY JEFFRIES, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No: 2:24-cv-13-JES-KCD |
| ZEROED-IN TECHNOLOGIES, LLC, | |
| Defendant. | |

# **ORDER CONSOLIDATING CASES AND APPOINTING INTERIM LEAD COUNSEL**

THIS MATTER comes before the Court on an Unopposed Motion to Consolidate Actions, Appoint Leadership, and Set Schedule filed by Plaintiff in the

first-filed case. (Doc. #27.) Plaintiff subsequently submitted a Proposed Order (Doc. #28-1), which had been agreed-to by all plaintiffs' counsel and not objected to by defendants' counsel. As set forth below, the Court grants portions of the motion but not others (at least at this time).

**IT IS ORDERED** that the Motion is **GRANTED IN PART** as set forth below:

1. The following cases ("Related Actions") are hereby consolidated:

- *Kenneth Stanley v. Zeroed-In Technologies, LLC; Dollar Tree, Inc.*, Case No. 2:23-cv-01131 (M.D. Fla. filed Dec. 4, 2023) ("*Stanley*").

- *Nicholas Pierce; Misty Hunter v. Zeroed-In Technologies, LLC*, Case No. 2:23-cv-01132 (M.D. Fla. filed Dec. 4, 2023) ("*Pierce*").

- *Brittany Mintz v. Zeroed-In Technologies, LLC*, Case No. 2:23-cv-01137 (M.D. Fla. filed Dec. 5, 2023) ("*Mintz*").

- *Jacqueline Biles v. Zeroed-In Technologies, LLC; Dollar Tree, Inc.*, Case No. 2:23-cv-01139 (M.D. Fla. filed Dec. 6, 2023) ("*Biles*").

- *Phillis Pounds v. Zeroed-In Technologies, LLC; Dollar Tree, Inc.*, Case No. 2:23-cv-01151 (M.D. Fla. filed Dec. 7, 2023) ("*Pounds*").

- *Melody T. Brantley v. Zeroed-In Technologies, LLC; Dollar Tree, Inc.*, Case No. 2:23-cv-01161 (M.D. Fla. filed Dec. 8, 2023) ("*Brantley*").

- *Ashley L. Jacobson v. Zeroed-In Technologies, LLC; Dollar Tree, Inc.*, Case No. 2:23-cv-01164 (M.D. Fla. filed Dec. 11, 2023) ("*Jacobson*").

- *Dominick Garland v. Zeroed-In Technologies, LLC; Dollar Tree, Inc.*, Case No. 2:23-cv-01208 (M.D. Fla. filed Dec. 22, 2023) ("*Garland*").

- *Thomas Neeley v. Zeroed-In Technologies, LLC*, Case No. 2:23-cv-01219 (M.D. Fla. filed Dec. 26, 2023) ("*Neeley*").

- *Barry Jeffries v. Zeroed-In Technologies, LLC*, Case No. 2:24-cv-00013 (M.D. Fla. filed Jan. 4, 2024) ("*Jeffries*").

2. The Clerk of the Court is **DIRECTED** to close all the above-captioned Related Actions except *Stanley*. The Clerk of the Court shall identify the closed cases as member cases in *Stanley*.

3. All further filings shall be filed under the lead case number 2:23-cv-01131-JES-KCD (*Stanley)*, the number assigned to the first-filed case, and shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

| IN RE ZEROED-IN TECHNOLOGIES, LLC DATA BREACH LITIGATION | Master File No. 2:23-cv-01131-JES-KCD |
|---|---|

4. The parties shall file a Notice of Related Action in the first filed case whenever they become aware that a new case that could be consolidated into this Consolidated Action is filed in, transferred to, or removed to this District and the Fort Myers Division. Lead counsel for plaintiffs shall confer with counsel for plaintiff in the new case concerning consolidation. Lead counsel and plaintiff's counsel in the new Related Action shall notify the Court if there is consent to join

6

the Consolidation Action by filing a Motion to Consolidate in the new Related Action. The Court will determine if the case is related and can be consolidated.

5. When a subsequent Related Action, as described in Paragraph 4, is consolidated into the Consolidated Action, the Clerk of Court is **DIRECTED** to docket a copy of this Order in the new action, close that file, and notify all counsel by CM/ECF that all further filings will be in the lead case number 2:23-cv-01131-JES-KCD, the number assigned to the first-filed case, *Stanley*.

6. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

7. Plaintiffs in the Consolidated Actions shall file an operative Consolidated Class Action Complaint **within 30 days**. Defendants need not respond to the pending complaints filed in the consolidated Related Actions.

8. Defendants' response(s) to the Consolidated Class Action Complaint shall be due **60 days** after the Consolidated Class Action Complaint is filed. If motions to dismiss are filed, Plaintiffs shall have **30 days** to file their response thereto, and Defendants shall have **15 days** thereafter to file any reply limited 7 pages.

9. The parties have agreed to the appointment of Jeff Ostrow of Kopelowitz Ostrow P.A. as Executive Lead Counsel and the following as members of the Plaintiffs' Executive Committee:

    1. **Tyler J. Bean** of Siri & Glimstad LLP
    2. **Maureen M. Brady** of McShane & Brady, LLC
    3. **William B. Federman** of Federman & Sherwood
    4. **Andrew W. Ferich** of Ahdoot & Wolfson, PC
    5. **Gary F. Lynch** of Lynch Carpenter, LLP
    6. **Jean Martin** of Morgan & Morgan Complex Litigation Group
    7. **Jennifer S. Czeisler** of Sterlington PLLC

10. The parties have agreed that Plaintiffs' Executive Lead Counsel and Executive Committee will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, the parties agree that these Counsel shall have the following responsibilities, duties and sole authority to:

    a. Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

    b. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

    c. Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida;

    d. Consult with and employ consultants and/or expert witnesses;

    e. Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

    f. Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

8

g. Enter into stipulations and agreements with Defendants;

h. Sign all papers filed on behalf of Plaintiffs and the putative class;

i. Convene meetings of all Plaintiffs' counsel, as necessary;

j. Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k. Conduct settlement negotiations with Defendants;

l. Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendants' counsel of changes thereto;

m. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

n. Appear at Court-noticed status conferences and hearings;

o. Be the contact persons for all plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p. Delegate specific tasks to other plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q. Otherwise coordinate the work of all plaintiffs' counsel, and perform such other duties as the Interim Class Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

r. Maintain and collect time and expense records for work performed, time billed, costs incurred, and other disbursements made by Plaintiffs' counsel whose work Interim Class Counsel has specifically authorized, and submit at the Court's request, in

        writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action;

    s.    Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

    t.    Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

11. The parties have agreed that the Executive Lead Counsel shall have sole authority to communicate with Defendants' counsel—including about settlement—and the Court on behalf of Plaintiffs and the putative Class unless that authority is expressly delegated to other counsel. Any other Plaintiffs' counsel will do work in this Consolidated Action only at the direction of the Executive Lead Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Executive Lead Counsel and no other Plaintiffs' counsel, or firm shall be authorized to perform work in this Consolidated Action without the express authorization of Executive Lead Counsel.

12. It is the Court's understanding that the parties agree, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through the Executive Lead Class Counsel.

13. All other plaintiffs' counsel who are involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from the Executive Lead Counsel, except for an application to modify or be relieved from this Order.

14. Mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

15. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pretrial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the Middle District of Florida.

16. The Court anticipates that a preliminary status conference will be scheduled by the assigned magistrate judge under separate order.

**IT IS SO ORDERED** in Fort Myers, Florida on January  12th  2024.

*John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE